UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Craft, #11238-067, | ) C/A No. 4:09-1415-HFF-TER |
| Petitioner, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Mary Michell, Warden, | ) |
| Respondent. | ) |

The petitioner, Eric Craft ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at Federal Correctional Institution at Edgefield, South Carolina, a facility of the Federal Bureau of Prisons ("BOP"). Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915.

## REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254[2] and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: h*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989);

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

[2] The Rules Governing Section 2254 Cases may be applied in habeas actions filed pursuant to 28 U.S.C. § 2241. Rule 1(b) states a "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a) [§ 2254]."

*Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). The requirement of liberal construction, however, does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the petition submitted in this case is subject to summary dismissal.

## BACKGROUND

Petitioner pleaded guilty in the United States District Court, Middle District of Pennsylvania ("Pennsylvania District Court"), to causing the death of another by use of a gun during a crime of violence or drug trafficking offense pursuant to 18 U.S.C. § 924(j). In May 2003, Petitioner was sentenced to forty (40) years imprisonment. Petitioner's conviction and sentence were affirmed on appeal by the United States Court of Appeals for the Third Circuit ("Third Circuit") on July 7, 2005. *United States v. Craft*, 139 Fed. Appx. 372, 374-75 (3d Cir. 2005)(unpublished). The U. S. Supreme Court denied Petitioner's petition for writ of certiorari on November 10, 2005.

On November 25, 2005, Petitioner filed with the Pennsylvania District Court, a motion to vacate his sentence under 28 U.S.C. § 2255, arguing ineffective assistance of counsel. Petitioner's § 2255 motion was denied after a hearing, *United States v. Craft*, No. 1:CR-02-011-01, 2006 WL 3831386 (M. D. Pa. Dec. 28, 2006), and the Third Circuit denied Petitioner's request for a certificate of appealability on July 30, 2007. Petitioner then filed with the Pennsylvania District Court a petition for habeas corpus ad subjiciendum, which was construed as a second § 2255 motion, and was denied for lack of jurisdiction on October 23, 2007. Petitioner filed another writ of habeas corpus with the Pennsylvania District Court, which was dismissed for lack of jurisdiction on November 13, 2007.

Petitioner then filed with the Pennsylvania District Court an independent action under Rule 60(b) of the Federal Rules of Civil Procedure, challenging his conviction based on fraud upon the court, which was dismissed on February 11, 2008. Petitioner twice filed a "Motion to Strike for Void Judgment," which were denied on April 3, and April 17, 2008. Petitioner appealed to the Third Circuit the denial of his motions to strike or void judgment, and the appeal was dismissed. On May 14, 2008, Petitioner again filed a motion to Vacate Void Judgment pursuant to Rule 60, which was denied. Petitioner then filed a motion challenging the jurisdiction of the Court, which was denied on June 17, 2008. Petitioner unsuccessfully appealed to the Third Circuit the denial of his jurisdictional challenge. On January 16, 2009, Petitioner filed a "Petition of Grievances," which was denied, and on June 29, 2009, Petitioner again filed an independent action pursuant to Rule 60, which was construed as a successive motion under 28 U.S.C. § 2255, and dismissed by the Pennsylvania District Court .

Petitioner now files a petition for habeas relief pursuant to 28 U.S.C. § 2241 in this Court,

3

including a subsequently filed amended petition.

## DISCUSSION

Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 based on the argument that he is serving an illegal sentence. The original petition contains no arguments explaining why Petitioner believes his sentence is illegal. Petitioner's amended petition, however, specifically claims that Public Law 80-772, codified at 18 U.S.C. § 3231, which confers jurisdiction on the district courts to adjudicate federal criminal actions, is unconstitutional. Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina, so this Court is the appropriate court to consider a habeas petition filed pursuant to 28 U.S.C. § 2241.

The petition and amended petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed because Petitioner's claims attack the validity of his conviction and sentence, rather than challenging how his sentence is being applied by his custodian. Challenges to the legality of Petitioner's sentence are cognizable under 28 U.S.C. § 2255, not through a habeas action under 28 U.S.C. § 2241. *See Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994)("A prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255."). A petition by a federal prisoner under § 2241 is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d 126, 129-130 (7th Cir. 1991). Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his sentence, but it is generally not available where the underlying validity of the conviction or sentence is

4

being challenged as Petitioner does in this case. *See Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits). The § 2241 petition should be dismissed because Petitioner's claims attack the imposition of his conviction and are properly brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241.

A habeas action under § 2241 is available to a federal prisoner when § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. 28 U.S.C. § 2255(e); *See In re Jones*, 226 F.3d 328 (4th Cir. 2000). Petitioner puts forth no argument in the petition that § 2255 is inadequate or ineffective. Also, the denial or dismissal of multiple post conviction motions, including several brought pursuant to § 2255, filed by Petitioner in Pennsylvania District Court does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(*en banc*). Petitioner's § 2241 petition should be dismissed because his claims should be brought under 28 U.S.C. § 2255, and Petitioner has not shown that a § 2255 motion is "inadequate or ineffective" to test the legality of his detention, which would allow him to proceed under § 2241. *See Jones*, 226 F.3d at 330 (test to satisfy gate-keeping provisions of § 2255).

Additionally, even if Petitioner's claims were appropriate for a § 2241 petition, the grounds for habeas relief lack merit. The original petition, incorporated into the amended petition, states Petitioner's custodian, the warden of the BOP facility in which he is imprisoned, "is knowingly exerciseing [sic] a[n] illegal sentence prohibited by the Constitution and Jurisdiction" under 18 U.S.C. § 4001(a), 18 U.S.C. § 4082(a), 18 U.S.C. § 3641(a), and public law 80-772 codified at 18 U.S.C. § 3231. The petition's supporting facts, however, simply summarize what the specific statute states, rather than providing facts relevant to Petitioner's

5

claims. For example, the information provided to support the first ground of the petition states, "pursuant to Title 18 U.S.C. 4001(a) Limitation on detention; control of prisons. No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress. ('a law repugnant to the constitution is void; and all departments, are bound by that instrument.')." This factually deficient supporting statement is typical for each ground presented in the petition, as well as the memorandum attached to the original petition. The petition and supporting memorandum contain no factual statements that explain how Petitioner's custodian is exercising Petitioner's sentence in violation of his rights. Petitioner must do more than cite to statutes and make conclusory statements of violation of his rights to state a ground for habeas relief.

The amended petition provides more specific reasoning for Petitioner's argument that he is being held illegally, but the argument is legally frivolous. The amended petition claims the law that confers jurisdiction on the district courts to adjudicate federal criminal actions, 18 U.S.C. § 3231, is unconstitutional based on the manner in which it was enacted. Thus, he argues, Public Law 80-772 is *void ab initio* as is his criminal conviction, which was imposed by a court without jurisdiction. The argument has no merit. *Webb v. Driver*, 2009 WL 529827 (N. D. W. Va. March 2, 2009)(unpublished)(collecting cases finding "Public Law 80-772 was properly enacted"); *United States v. Martin*, 2009 WL 2434598(E. D. VA. Aug. 6, 2009)(unpublished)("re-hashes the tired argument that Public Law 80-772, later codified at 18 U.S.C. § 3231, was never properly enacted due to procedural irregularities," and these "arguments rely on erroneous premise"); *United States v. Felipe*, 2007 WL 2207804 (E.D. Pa. July 30, 2007)(unpublished)(collecting cases of "mythical story concerning the irregular adoption of Public Law Number 80-772"). The

amended petition is clearly without merit and should be dismissed.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 requires that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The petition in this case fails to state grounds on which habeas relief may be granted and the amended petition puts forth clearly frivolous legal grounds, so the amended petition, which incorporates the original petition, should be dismissed without requiring a response.

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the amended habeas petition, which incorporates the original petition, ***with prejudice*** and without requiring the respondent to file an answer.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

August 27, 2009  
Florence, South Carolina

**The petitioner's attention is directed to the important notice on the next page**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).