

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ERIC CRAFT, | § | |
|     Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:09-1415-HFF-TER |
| | § | |
| MARY MICHELL, | § | |
|     Respondent. | § | |

# ORDER

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court dismiss the amended habeas petition with prejudice and without requiring Respondent to file an answer. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 27, 2009, and the Clerk of Court entered Petitioner's objections to the Report on August 31, 2009.

In his amended petition, Petitioner argues that 18 U.S.C. § 3231, which confers jurisdiction over federal criminal actions on district courts, is unconstitutional because it was improperly enacted. Therefore, by extension, he argues that the district court lacked jurisdiction to convict and sentence him, and, thus, he should be granted habeas relief.

In the Report, the Magistrate Judge concluded that Petitioner was attempting to use § 2241 in lieu of § 2255 to attack the validity of his conviction and sentence. As noted in the Report, this is generally impermissible unless § 2255 is "inadequate or ineffective." (Report 4-5.) "However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

In his objections, Petitioner fails to respond to the Magistrate Judge's determination that § 2241 is an inappropriate avenue for the relief he seeks. Instead, he argues generally that habeas corpus relief is available where one is in custody in violation of the Constitution and laws of the United States. He submits a list of four pages of statutes and citations to legislative history to support his general assertion that he is being held unlawfully. However, as with his previous filings in this case, he fails to support his legal citations with any factual allegations. Petitioner's vague references to Constitutional and statutory provisions, without more, fail to justify habeas relief.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, finding them to be without merit, adopts the Report, to the extent it is not inconsistent with this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Petitioner's amended habeas petition be **DISMISSED** *without*

*prejudice* and without requiring Respondent to file an answer. Moreover, Petitioner's outstanding "Motion Invoking Due Process" is **MOOT**.

**IT IS SO ORDERED**.

Signed this 2nd day of September, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.